UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

  Plaintiff,

v.                  Case No. 22-cr-14-pp

ALFONZO ALLEN,

  Defendant.

**ORDER CONSTRUING DEFENDANT'S LETTER AS A SECOND MOTION TO REDUCE SENTENCE (DKT. NO. 95) AND DENYING MOTION**

  On June 15, 2023, the court sentenced the defendant on one charge of possession of a stolen firearm, one charge of carjacking and one charge of brandishing a firearm during a crime of violence. Dkt. No. 62. The charge of brandishing a firearm during a crime of violence carried a seven-year mandatory minimum sentence; the court did not have the authority to give him a sentence less than seven years. Dkt. No. 61 at 2; Dkt. No. 62. The court imposed a total federal sentence of 130 months—ten years and ten months—composed of forty-six months on the first two counts consecutive to the eighty-four-month mandatory minimum sentence on the third count. Id. The court ordered that the forty-six-month sentence on the first two counts should run concurrently with the defendant's state revocation sentences (the eighty-four-month mandatory minimum sentence was required by law to run consecutively to any other sentence the court imposed). Dkt. No. 61 at 3.

1

In the two years since the court sentenced the defendant, it has received several letters from him. It received the first only a few days after the sentencing hearing. Dkt. No. 65. In that letter, the defendant told the court that he was tired of giving his life to the criminal justice system, that he wanted to change, that he regretted the trauma he'd caused the victims and that he was going to seek all the help he could get while in custody. Id. On March 7, 2024, the court received another letter from the defendant. Dkt. No. 92. He said that he realized that he needed to change and that he'd been taking his time in custody to get himself together. He told the court that he was ready to turn his back on negative people. He reiterated that he was tired of being locked up and said that he was ready to go home and never return to prison again. He said he was willing to be "on house arrest or anything," and asked the court to help him with a new start. Id.

The court construed this second letter as a motion to reduce the defendant's sentence and denied that motion. Dkt. No. 94. The court explained to the defendant that it could not help him go home to his family for several reasons: at that time, he still was serving his state revocation sentences (his mandatory release date was December 31, 2025); the court imposed a seven-year mandatory minimum federal sentence that, by law, had to run consecutively to the state revocation sentences; and federal law prohibits courts from modifying federal terms of imprisonment once they are imposed (except for two narrow circumstances that do not apply to the defendant). Id. at 3.

2

On July 17, 2025, the court received another letter from the defendant. Dkt. No. 95. This one says:

> I been reading a lot. I been trying to keep my mind at ease. I have 5 months then my revocation time is over. I also completed 2 of my federal cases. I now have the mandatory minimum case left. My grandma passed away October 22, 2024. We share the same birthday September 4 which is why I'm writing you. This time been so hard is there a way, I can work to get out. I can be a big help. Im ready to go home to my family.

Id.

The court is very sorry to hear that the defendant's grandma passed. It always is hard to lose the people we love, but especially when one is incarcerated and cannot go to the funeral or be with one's family. Clearly the defendant misses his family a lot and wants to be back with him.

The court explained to the defendant in its last order that the seven-year gun sentence it imposed was *mandatory*—the court did not have the authority to impose a sentence of less than seven years consecutive to all other sentences it imposed. That has not changed. The law has not changed. The court also explained to the defendant that it cannot modify a sentence once it imposes that sentence. 18 U.S.C. §3582(c). Under the current law, and based on the facts before the court, this court does not have the authority to change or reduce the defendant's sentence.

The defendant does have the ability to work toward getting out sooner. For example, under the First Step Act, the defendant is eligible to earn up to fifty-four (54) days of good conduct time for each year of his sentence. Persons in BOP custody also can earn time credits for completing evidence-based

3

recidivism reducing programs or productive activities (although the defendant should check with his case manager to find out if he is eligible to earn such credits, because of the nature of his offenses). There may be other programs available to the defendant in his facility. The court urges the defendant to talk with his case manager about good conduct credits and other credits that he may earn.

The court does not know what the defendant is going through, but it believes the defendant when he says it has been very hard and that he is tired of being incarcerated and away from his family. The court encourages the defendant to do what he told the court right after his sentencing that he would do—everything he can to improve himself and his chances for when he is released. It sounds like he's been trying to do that—he says he's been reading a lot. The court hopes he's been participating in programming, maybe working. All of that will help him when the day comes for him to be released.

The court **CONSTRUES** the defendant's letter at Dkt. No. 95 as a motion to reduce his sentence.

The court **DENIES** the defendant's motion to reduce his sentence. Dkt. No. 95.

Dated in Milwaukee, Wisconsin this 6th day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**