UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 22-cr-14-pp

ALFONZO ALLEN,

Defendant.

---

**ORDER CONSTRUING DEFENDANT'S LETTER AS A THIRD MOTION TO REDUCE SENTENCE (DKT. NO. 98) AND DENYING MOTION**

---

On June 15, 2023, the court sentenced the defendant on one count of possession of a stolen firearm (Count Two), one count of carjacking (Count Three) and one count of brandishing a firearm during a crime of violence (Count Four). Dkt. No. 61 (sentencing minutes) and Dkt. No. 62 (judgment). The court imposed a total federal sentence of 120 months—ten years—composed of thirty-six months on Counts Two and Three, concurrent with each other but consecutive to the eighty-four-month mandatory minimum sentence on Count Four. Id.[1] The court ordered the thirty-six-month sentence on Counts Two and Three to run concurrently with the remaining balance of the defendant's state revocation sentences, but that the eighty-four-month

[1]The court's August 6, 2025 order mistakenly listed the defendant as having received a total sentence of 130 months—46 months on Counts Two and Three and 84 months on Count Four. Dkt. No. 96 at 1. That was incorrect. The defendant's judgment, dkt. no. 62, reflects a 120-month sentence, as described above.

mandatory minimum sentence, by law, must run consecutively to both the sentences on Counts Two and Three and the sentences imposed in Milwaukee County Circuit Court Case Nos. 16CF5036 and 16CF5426. Dkt. No. 61 at 3, Dkt. No. 62 at 7.

Since sentencing the defendant in June 2023, the court has received several letters from him. The defendant's first letter, received a few days after the sentencing hearing, told the court that he was tired of giving his life to the criminal justice system, that he wanted to change, that he regretted the trauma he'd caused the victims and that he was going to seek all the help he could get while in custody. Dkt. No. 65. About nine months later, on March 7, 2024, the court received another letter from the defendant. Dkt. No. 92. That letter said that the defendant realized that he needed to change and that he'd been taking his time in custody to get himself together. He told the court that he was ready to turn his back on negative people. He reiterated that he was tired of being locked up and said that he was ready to go home and never return to prison again. He said he was willing to be "on house arrest or anything," and asked the court to help him with a new start. Id.

The court construed this second letter as a motion to reduce the defendant's sentence. Dkt. No. 94. It denied that motion, explaining that it could not help the defendant go home to his family for several reasons: at that time, he still was serving his state revocation sentences (his mandatory release date was December 31, 2025); the court had imposed a seven-year mandatory minimum federal sentence that, by law, had to run consecutively to the state

revocation sentences; and federal law prohibited courts from modifying federal prison sentences once the court had imposed them (except for two narrow circumstances that do not apply to the defendant). Id. at 3.

On July 17, 2025, the court received another letter from the defendant. Dkt. No. 95. That one acknowledged that the defendant had almost completed his revocation time in state custody and had "the mandatory minimum case left." Id. The letter informed the court that the defendant's grandmother had passed away and expressed how difficult a time the defendant was having in custody. Id.

In August 2025, the court construed the defendant's July 2025 letter as a second motion to reduce his sentence and denied that motion. Dkt. No. 96. The court offered its condolences on the death in the defendant's family but explained that the defendant's circumstances had not changed. It explained that the crime he pled guilty to carried a mandatory minimum sentence, meaning that the court did not have the authority to impose a sentence of less than seven years and that that seven-year sentence must run consecutive to all other sentences it imposed. Id. The court concluded: "[u]nder the current law, and based on the facts before the court, this court does not have the authority to change or reduce the defendant's sentence." Id. at 3.

The court received the defendant's most recent letter on May 5, 2026. Dkt. No. 97. In its entirety, his letter reads:

> My name is Alfonzo Allen Case #2:22-CR-00014-PP-1. This letter motion is regarding my stolen firearm and carjacking case. These 2 counts was to be ran concurrent with the remaining balance of my revocation from my Milwaukee County Circuit Court cases which

> was 2 years on case #16CF5036 and 2 years on Case #16CF5426 but ran consecutive which makes my revocation 4 years. My question is instead of giving me credit for the remaining balance from the date I got sentence [sic] which was 06/15/2023. Can I be credited for all the time I been sitting from 12/2021 to 12/2025. Basically I'm just asking can my 3 years be ran concurrent with the whole time I did on revocation instead of the remaining balance from when I got sentence . . . please take this letter motion into consideration thank you.

Id. The envelope containing the defendant's motion has a return address of USP McCreary in Pine Knot, Kentucky, indicating that the defendant has been transferred from state custody (at the time of his July 2025 letter) to federal custody—he's finished his state revocation sentence and is now serving the balance of his federal sentence.

The court believes the defendant is asking the court to change his federal sentence such that his three-year federal sentence on Counts Two and Three would begin on the date the defendant was arrested (December 28, 2021) as opposed to the date he was sentenced (June 15, 2023). The court cannot do that. As the court has explained to the defendant in earlier responses, 18 U.S.C. §3582(c) prohibits the court from modifying a term of imprisonment once it is imposed, except in two very narrow circumstances that do not apply to the defendant. At the defendant's sentencing hearing, the court imposed the Count Two and Count Three sentences to run concurrently with the *balance* of the state revocation sentence. It cannot now modify or change that sentence.

Nor can the court cannot change the fact that the defendant was in state custody (and not federal custody) from the date of his arrest until the date of his federal sentencing. 18 U.S.C. §3585(b)(2) prohibits the Bureau of Prisons

("BOP") from giving the defendant credit for his pre-sentence detention if that time also has been credited against another sentence. In the defendant's case, his pre-sentence detention (from December 28, 2021 until June 15, 2023) was credited against his four-year state revocation sentence—§3585(b)(2) prohibited the court from giving the defendant "double" credit for this time.

At his June 2023 sentencing, the court considered (but rejected) the only legally permissible way for it to honor the defendant's present request. Under United States Sentencing Guidelines §5G1.3(b), the court could have, *at sentencing*, adjusted the federal sentence downward to account for the time the defendant already had spent in state custody but which otherwise would not have been credited by the BOP. U.S.S.G. §5G1.3 (2025 rev.).

Before the federal sentencing hearing, the defendant's attorney asked the court to make this very adjustment. In her sentencing memorandum, defense counsel asked the court to impose a sentence of forty-eight (48) months on Counts Two and Three, but to adjust that sentence downward by eighteen (18) months to thirty (30) months. Dkt. No. 57. That eighteen-month adjustment request represented the time the defendant had spent in custody from December 2021 until June 2023. Defense counsel confirmed at sentencing that she made this eighteen-month adjustment request precisely because she knew that the BOP would not credit this time for the defendant. Dkt. No. 59 at 48:35 (audio of sentencing hearing, Part 1).

But during the sentencing hearing, the court explicitly rejected this request. Dkt. No. 60 at 0:05 (audio of sentencing hearing, Part 2) ("I am not

going to make a 5G1.3 adjustment to that sentence, however I am going to order that the sentences on Counts Two and Three run concurrently—at the same time with—the revocation sentence that you're serving now in state court, Mr. Allen."). In other words, the court considered giving the defendant credit for the time he had spent in state custody since December of 2021 and decided, at sentencing, that that would not be an appropriate sentence. The court decided instead that, after taking into account all the sentencing factors, the appropriate sentence was thirty-six (36) months on Counts Two and Three, which would run concurrently with each other and would run concurrently with the *remaining balance* of his state revocation time.

Again, even if the court had a reason to change the defendant's sentence as he requests, it is prohibited from doing so by law; federal law says that the "[t]he court may not modify a term of imprisonment once it has been imposed" except in two very narrow circumstances, neither of which apply to the defendant. See 18 U.S.C. §3582(c). The court cannot do what the defendant asks.

As previously, the court encourages the defendant to continue doing what he told the court he would do—everything he can to improve himself and his chances for when he is released.

The court **CONSTRUES** the defendant's letter at Dkt. No. 98 as a motion to reduce his sentence.

The court **DENIES** the defendant's motion to reduce his sentence. Dkt. No. 98.

Dated in Milwaukee, Wisconsin this 28th day of August, 2026.

**BY THE COURT:**

______________________________

**HON. PAMELA PEPPER**
**Chief United States District Judge**